UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXURYCATALOGS.COM, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL G. MILLER,<br><br>    Defendant. | Case No. 14-cv-04952-TEH   (MEJ)<br><br>**REPORT & RECOMMENDATION RE: MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 60 |

On November 7, 2014, Plaintiff Luxurycatalogs.com, Inc. ("Plaintiff") filed a Complaint seeking to recover damages it incurred after Defendant Daniel G. Miller ("Defendant") allegedly sold it certain rare books he had purportedly stolen. Compl. ¶ 1, Dkt. No. 1. On November 2, 2015, the parties and their respective counsel appeared before the undersigned for a settlement conference, at which time they reached a settlement and placed it on the record. 11/2/2015 Min. Order, Dkt. No. 55; *see also* Tr., Dkt. No. 62-4. Pursuant to the terms of the parties' agreement, Defendant agreed to pay Plaintiff $280,000, with the first payment of $20,000 due by December 2, 2015. Tr. at 3.

On November 3, 2015, the Honorable Thelton E. Henderson, the presiding judge in this matter, dismissed this case "with prejudice; provided, however, that if any party hereto shall certify to this Court, with proof of service of a copy to opposing counsel, within sixty (60) days from the date of this order, that the agreed consideration for said settlement has not been delivered over, the foregoing Order shall stand vacated and this cause shall forthwith be restored to the calendar to be set for trial." Order of Dismissal, Dkt. No. 56. Judge Henderson did not expressly retain jurisdiction to enforce the parties' agreement.

On December 23, 2015, Plaintiff filed the present Motion to Enforce Settlement, claiming

1  Defendant failed to make the first agreed settlement payment, and therefore requesting an order
2  enforcing the settlement agreement and requiring specific performance and entry of judgment as a
3  result of Defendant's default.  Dkt. No. 61.  Judge Henderson thereafter referred the Motion to the
4  undersigned.  Dkt. No. 63.

5        Courts have "the inherent power summarily to enforce a settlement agreement involving an
6  action pending before it."  *Brionez v. U.S. Dep't of Agric.*, 2007 WL 217680, at *2 (N.D. Cal. Jan.
7  26, 2007) (citing *In re Suchy*, 786 F.2d 900, 902-903 (9th Cir. 1985)).  But courts have no inherent
8  power to enforce settlement agreements after a case has been dismissed: "Enforcement of the
9  settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and
10 hence requires its own basis for jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511
11 U.S. 375, 378 (1994); *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1994).  "Thus,
12 if the original action has been dismissed, and the court has not retained jurisdiction to enforce the
13 settlement agreement, a party seeking to enforce the terms of the settlement agreement must file a
14 new action in a court that has subject-matter jurisdiction."  *Hill v. Kaiser Found. Health Plan*,
15 2015 WL 5138561, at *5 (N.D. Cal. Sept. 1, 2015) (citing Schwarzer, Tashima & Wagstaffe, Cal.
16 Prac. Guide: Fed. Civ. Pro. Before Trial ("Schwarzer") ¶ 15:141 (The Rutter Group 2015)).

17       A settlement agreement is "made part of the order of dismissal—either by separate
18 provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by
19 incorporating the terms of the settlement agreement in the order."  *Kokkonen*, 511 U.S. at 381.  "In
20 that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction
21 to enforce that agreement would therefore exist."  *Id.*  However, a dismissal that is "based on" an
22 agreement does not "embody" the agreement, and the court does not have ancillary jurisdiction to
23 enforce the agreement.  *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citing *Kokkonen*,
24 511 U.S. at 581).  "Similarly, attaching the agreement to the dismissal order may show the judge's
25 awareness of and approval of the settlement, but it does not "incorporate" the agreement as
26 required by *Kokkonen*."  *Hill*, 2015 WL 5138561, at *6 (citing Schwarzer ¶ 15:141.3).

27       Here, the Order of Dismissal does not expressly retain jurisdiction over or incorporate the
28 terms of the parties' settlement agreement.  Although the Order refers to the parties' settlement in

1 general, this merely shows the Court's awareness of the settlement, but does not "embody the
2 settlement agreement" or incorporate it.  *See O'Connor*, 70 F.3d at 532 (citing *Kokkonen*, 511 U.S.
3 at 581).  Thus, the District Court does not have ancillary jurisdiction to enforce the agreement, and
4 the undersigned therefore **RECOMMENDS** the Court **DENY** Plaintiff's Motion.

5 However, because Plaintiff filed its Motion within 60 days from the date of the Order of
6 Dismissal, the undersigned **RECOMMENDS** the Court **VACATE** the Order of Dismissal and
7 **RESTORE** this "to the calendar to be set for trial."  *See* Order of Dismissal.

8 Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to
9 this Report and Recommendation within 14 days after being served.

10 **IT IS SO RECOMMENDED.**

12 Dated: December 28, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California